IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

SUSAN BOYD, Individually, and on Behalf
of Lindsey Boyd Caldwell and Haley Boyd Winter,
Wrongful Death Beneficiaries of Gary Boyd, Deceased          PLAINTIFFS

v.                                                           CIVIL ACTION NO._____

BAPTIST MEMORIAL HOSPITAL,
RAMESH YALAMANCHILI, M.D.,
RAJEEV SINGH, M.D.,
SOUTHEASTERN EMERGENCY PHYSICIANS, LLC              DEFENDANTS

                                                    Jury Trial Demanded

## C O M P L A I N T

COMES NOW the Plaintiff, Susan Boyd, by and through her attorneys, Merkel & Cocke, P.A. and in support of her Complaint would show unto the Court as follows:

**PARTIES:**

1. The Plaintiff Susan Boyd is an adult resident citizen of Walnut, Tippah County, Mississippi, and is the surviving spouse of Gary Boyd, deceased. The Plaintiff brings this action as surviving spouse of Gary Boyd pursuant to Tenn. Code Ann. §20-5-110, both individually and on behalf of Lindsey Boyd Caldwell and Haley Boyd Winter, children of Gary Boyd, Deceased.

2. The Defendant Baptist Memorial Hospital ("BMH"), is a Tennessee corporation with its principal place of business at 6019 Walnut Grove Rd., Memphis, Tennessee 38120, and may be served through its registered agent for service of process, Gregory M. Duckett, 350 N. Humphreys Blvd., Memphis, TN 38120.

3. The Defendant Ramesh Yalamanchili, M. D., is an adult resident citizen of Memphis, Shelby County, Tennessee, and may be served with process at his address at 6400 Shelby View Drive, Suite 101, Memphis, Tennessee 38134.

4. The Defendant Rajeev Singh, M.D. is an adult resident citizen of Germantown, Shelby County, Tennessee, and may be served with process at his address at 2735 Calkins Road, Germantown, Tennessee 38139.

5. The Defendant Southeastern Emergency Physicians, LLC is a Tennessee corporation with its principal place of business at 265 Brookview Centre Way, Suite 400, Knoxville, Tennessee 37919, and may be served with process by service upon its registered agent for service, The Prentice-Hall Corporation System, Inc., 2908 Poston Avenue, Nashville, Tennessee 37203.

**JURISDICTION AND VENUE**

6. All of the Defendants in this cause are legal residents of and domiciled in the State of Tennessee.  All Defendants are also found within and transacting business within the geographic area of this Court. There is complete diversity of citizenship between all Plaintiffs and all Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. The Court has personal jurisdiction over the parties and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

8. The injury and damages caused by the wrongful conduct complained of herein occurred and the causes of action herein arose within the jurisdictional area of this Court.

**COMPLIANCE WITH TCA §29-26-121(a)**

9. The Plaintiff has complied with T.C.A. §29-26-121(a) by having mailed by certified mail notice of the claim to the Defendant Baptist Memorial Hospital. A copy of the notice mailed is attached hereto as Exhibit "A", copies of the certificates of mailing and certified mail receipts establishing that the specified notice was timely mailed by certified mail, return receipt requested are attached as Exhibit "B." The requirements of T.C.A.§29-26-121(a) have been satisfied.

10. The Plaintiff has complied with T.C.A. §29-26-121(a) by having mailed by certified mail notice of the claim to the Defendant Ramesh Yalamanchili. A copy of the notice mailed is attached hereto as Exhibit "A", copies of the certificates of mailing and certified mail receipts establishing that the specified notice was timely mailed by certified mail, return receipt requested are attached as Exhibit "C." The requirements of T.C.A.§29-26-121(a) have been satisfied.

11. The Plaintiff has complied with T.C.A. §29-26-121(a) by having mailed by certified mail notice of the claim to the Defendant Rajeev Singh. A copy of the notice mailed is attached hereto as Exhibit "A", copies of the certificates of mailing and certified mail receipts establishing that the specified notice was timely mailed by certified mail, return receipt requested are attached as Exhibit "D." The requirements of T.C.A.§29-26-121(a) have been satisfied.

12. The Plaintiff has complied with T.C.A. §29-26-121(a) by having mailed by certified mail notice of the claim to the Defendant Southeastern Emergency Physicians, LLC. A copy of the notice mailed is attached hereto as Exhibit "A", copies of the certificates of mailing and certified mail receipts establishing that the specified notice was timely mailed by certified mail,

return receipt requested are attached as Exhibit "E." The requirements of T.C.A.§29-26-121(a) have been satisfied.

13. The Plaintiff timely complied with the notice requirement of T.C.A.§29-26-121(a) by giving notice and the documents required by T.C.A.§29-26-121(a) to Defendants more than 60 days before the filing of this Complaint.

14. A Certificate of Good Faith is attached as Exhibit "F."

## FACTUAL STATEMENT

15. On or about February 19, 2013, Gary Boyd was admitted to Baptist Memorial Hospital, having been transferred from Magnolia Regional Health Center in Corinth, MS by ambulance. Mr. Boyd was suffering from pneumonia, but the emergency room doctor, employed by Southeastern Emergency Physicians, LLC, Dr. Rajeev Singh was negligent in failing to test for and/or diagnose pneumonia and/or treat for pneumonia.

16. Mr. Boyd was simply warehoused in the emergency room by the emergency room doctor, the Defendant Rajeev Singh, for four (4) hours and then transferred to the floor under the care of the Defendant Ramesh Yalamanchili, an internal medicine hospitalist, where he was not seen by a physician until he was seen by Dr. Narra, a gastroenterologist, at 9:35 a.m. the next morning. The Defendant Yalamanchili, to whom the patient was admitted, negligently never saw him for 14 hours. Dr. Narra immediately suspected possible lung involvement and ordered lab tests which should have been ordered the night before in the emergency room. These lab results showed Mr. Boyd's condition to be worsening and antibiotics were subsequently ordered and reported to the Defendant Yalamanchili who negligently did not order antibiotics, but instead ordered an infectious disease consult, but negligent failed to order that consult stat. When Dr. Narra saw that antibiotics had not been ordered by the Defendant Yalamanchili, she

ordered Vancomycin, an appropriate antibiotic to be given "now". However, it was negligently not administered by the Defendant Hospital's staff until it was too late.

## NEGLIGENCE

17. As a direct and proximate result of the Defendants' negligence, Mr. Boyd suffered an arrest and subsequently died from pneumonia and sepsis on the evening of February 20, 2013:

    a) Failing to order blood tests in the emergency room or prior to the time that Dr. Narra ordered blood tests the next morning;

    b) Failing to suspect and rule in or rule out pneumonia and/or another infection;

    c) Failing to order and administer antibiotics in a timely fashion; and

    d) Failure of the hospital staff to administer "now" the antibiotics ordered by Dr. Narra.

18. At all times mentioned herein, the Defendant Yalamanchili was an agent and/or employee and/or the apparent agent of the Defendant Baptist Memorial Hospital, making the Defendant Baptist Memorial Hospital liable for the acts and/or omissions of the Defendant Yalamanchili under the doctrine of *respondeat superior*.

19. At all times mentioned herein, the Defendant Singh was an agent and/or employee of the Defendant Southeastern Emergency Physicians, LLC, making the Defendant Southeastern Emergency Physicians, LLC liable for the acts and/or omissions of the Defendant Singh under the doctrine of *respondeat superior*.

20. At all times mentioned herein, the Defendant Singh was an agent and/or employee of the Defendant Baptist Memorial Hospital, making the Defendant Baptist Memorial Hospital liable under the doctrine of *respondeat superior*.

## DAMAGES

21. As a direct and proximate result of the negligence of the Defendants as aforesaid, the Plaintiffs are entitled to recover all damages allowed by the State of Tennessee, including but not limited to, the present value of the future earnings of Gary Boyd, loss of love, society and companionship and guidance of Gary Boyd, pain and suffering suffered by Gary Boyd prior to this death, and funeral and other related expenses.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment of and from the Defendants in the amount of $2,000,000.00, exclusive of interest and costs.

Plaintiffs respectfully request a trial by jury on all issues so triable.

Respectfully submitted,

/s/ John H. Cocke
JOHN H. COCKE (TSB#015324)
MERKEL & COCKE, P.A.
Post Office Box 1388
Clarksdale, MS 38614
(662) 627-9641
(662) 627-3592
Attorneys for Plaintiffs